# United States District Court
# Northern District of Indiana

| | |
|---|---|
| MARVIN ADKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:15-CV-213 JVB |
| v. | ) |
| | ) |
| ELKHART COUNTY JAIL, et al. | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Marvin Adkins, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 2.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under federal pleading standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and internal citations omitted). Furthermore, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614

F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Adkins is currently an inmate at the Westville Correctional Facility ("Westville"). He alleges that he received deficient medical care while an inmate at the Elkhart County Jail. He claims that he injured his leg and was then examined by a nurse, who diagnosed his injury as a sprain, applied ice for fifteen minutes and released him back to his cell. After he returned to his cell, Adkins' leg became swollen and turned the color purple. An x-ray was not ordered and Adkins was not given crutches or any other walking aid. Instead, he was prescribed ibuprofen and naproxin. A few days later, Adkins was transferred to the Reception Diagnostic Center ("RDC") within the Indiana Department of Corrections. At RDC, correctional officials noticed Adkins' leg was injured. X-rays were performed which showed that his fibula was fractured.

Adkins has brought suit for money damages against the Elkhart County Jail and Elkhart County Sheriff Brad Rogers alleging a violation of his Eighth Amendment rights. In evaluating an Eighth Amendment claim, the court is mindful that inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). For a medical professional to be held liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Neither the Elkhart County Jail nor Sheriff Rogers is a proper defendant here. Though the jail is where these events occurred, the jail is a building, not a person or even a policy making unit of government that can be sued pursuant to Title 42 U.S.C. section 1983. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). In addition, because there is no general *respondeat*

*superior* liability under 42 U.S.C. § 1983, Sheriff Rogers cannot be held liable simply because he oversees operations at the jail or supervises other correctional officers or medical staff. *Burks,* 555 F.3d at 594. Accordingly, Sheriff Rogers will be dismissed as a defendant.

Though Adkins' current complaint does not plausibly state a claim, it is not possible to definitively say that he could not do so. Accordingly, Adkins will be granted leave to file an amended complaint if he believes that he can present the facts necessary to state a claim against a proper defendant. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he files an amended complaint, he needs to identify the defendant(s) who are personally responsible for the conditions of which he is complaining. "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, and who was involved. He must clearly explain how the defendant(s) violated his rights, providing as much detail as possible. He may attach any documentation he has in his possession or can obtain related to his claims.

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank prisoner Complaint 42 U.S.C. § 1983 form, and send it to Marvin Adkins along with 2 blank summons forms and 1 blank USM-285 form;

(2) **GRANTS** Marvin Adkins to and including July 6, 2015, to file an amended complaint; and

(3) **CAUTIONS** Marvin Adkins that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim

for which relief can be granted.

**SO ORDERED** on June 4, 2015.

     s/   Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division