# United States District Court
# Northern District of Indiana

MARVIN LEE ADKINS, II,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　Civil Action No. 3:15-CV-213 JVB
　　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
CORRECTIONAL CARE　　　　　　　)
SERVICES, et al.　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　)

**OPINION AND ORDER**

Marvin Lee Adkins, II, a *pro se* prisoner, filed an amended complaint pursuant to 42 U.S.C. § 1983. (DE 14.) Pursuant to 28 U.S.C. § 1915A, the Court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In other words, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Nevertheless, the Court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under

color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Marvin Lee Adkins, II, is currently incarcerated at the Westville Correctional Facility. This lawsuit centers on events that took place while he was housed at the Elkhart County Jail. On February 8, 2014, Adkins fractured his fibula while playing hand ball. The officers called the medical department and Adkins was seen by Nurse Tanya. She examined his leg and assumed it to be sprained. She placed on ice pack on his ankle for fifteen (15) minutes, prescribed him ibuprofen and then told Adkins to go back to his cell. By the time Adkins walked back to his cell, his leg and ankle were swollen, dark purple and shiny.

Three to four days later, Adkins was picked up by the Indiana Department of Corrections and taken to the Reception Diagnostic Center. When officers picked him up they noticed his leg and ankle. They took him to get x-rays, which revealed his fibula was fractured. His leg was put into a cast. Adkins complains that his ankle still gives him problems and he walks with a permanent limp. He has sued Nurse Tanya and Correctional Care Services for providing inadequate medical treatment under the Eighth Amendment.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability the prisoner must show: (1) he or she had an objectively serious medical need; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that "a physician has diagnosed as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted

professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Here, Adkins has pled that he had an objectively serious medical need - a fractured fibula. He claims that his broken leg was obvious, but Nurse Tanya simply ignored the extent of his injuries, prescribed him ibuprofen and discharged him. Though a prisoner "is not entitled to demand specific care [nor] entitled to the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997), he is entitled to necessary care for his serious medical needs. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Accepting his allegations as true, he has alleged a plausible deliberate indifference claim, and he will be permitted to proceed against Nurse Tanya for damages.

Next, Adkins brings suit against Correctional Care Services. Adkins does not allege any wrongdoing on Correctional Care's behalf. It appears his sues this entity based on it being Nurse Tanya's employer. Like a municipal entity, a corporate entity acting under color of state law cannot be held liable based solely on a theory of *respondeat superior*. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Thus, Correctional Care Services cannot be held liable solely because it is Nurse Tanya's employer.

As a final matter, Adkins has filed another motion (DE 15) for leave to proceed *in forma pauperis* along with his amended complaint. This motion is unnecessary, as he has already been granted leave to proceed without the prepayment of fees. (DE 5.)

For the foregoing reasons, the court:

(1) **DENIES** the motion (DE 15) for leave to proceed in forma pauperis;

(2) **GRANTS** Marvin Lee Adkins, II, leave to proceed against Nurse Tanya in her individual

capacity for money damages for denying him adequate medical care on February 8, 2014, in violation of the Eighth Amendment;

(3) **DISMISSES** Correctional Care Services;

(4) **DISMISSES** all other claims;

(5) **DIRECTS** the clerk to transmit the summons and USM-285 for Nurse Tanya to the United States Marshals Service along with a copy of the amended complaint (DE 14) and this order;

(6) **DIRECTS** the U.S. Marshals Service to effect service of process on Nurse Tanya pursuant to 28 U.S.C. § 1915(d); and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Tanya respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on March 4, 2016.

 s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division